IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EWLIETT, LEON, <br> a/k/a Leon B. Elliott, <br> TDCJ-CID NO. 286821, <br>    Petitioner, <br><br> v. <br><br> DOUGLAS DRETKE, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br>    Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-05-4113 |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Leon Ewliett, a/k/a Leon B. Elliott, a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. In 1978, petitioner was convicted of sexual abuse of a child in the 182nd District Court of Harris County, Texas. (Docket Entry No.1). Enhanced by two prior felony convictions, punishment was assessed at life imprisonment. Elliott v. McCotter, Civil Action No.H-87-1917 (S.D. Tex. Oct. 4, 1989) (Docket Entry No.6). The Texas Court of Criminal Appeals upheld the conviction on direct appeal. Elliott v. State, No.62,614 (Tex. Crim. App. June 9, 1982). Petitioner filed numerous state habeas applications and was cited at least twice for abuse of the writ. McCotter, Civil Action No.H-87-1917, Docket Entry No.6 at 2; telephone conversation with Clerk of the Texas Court of Criminal Appeals.

On July 15, 1987, petitioner filed a federal habeas petition, collaterally attacking the punishment assessed in his sexual

assault conviction on the ground that the evidence was insufficient to convince a jury beyond a reasonable doubt that petitioner committed the second prior felony alleged for enhancement after the first prior felony conviction became final. Id. The Magistrate Judge found that the evidence was sufficient to convince a jury that petitioner was previously convicted in the proper time sequence of the prior felonies alleged for enhancement and recommended the habeas petition be dismissed with prejudice. Id. at 3. The district court accepted and adopted the Magistrate Judge's recommendation and dismissed the habeas petition. Id., Docket Entries No.7, No.8.

In the present federal petition, filed on December 5, 2005, petitioner challenges the same conviction on grounds that the state district judge lacked authority to sit as a state judge and the prosecutor engaged in misconduct by referring to evidence outside the record in his closing argument. Because petitioner seeks federal habeas relief from the same conviction that he challenged in Civil Action No.H-87-1917, the present federal petition is successive. Alternatively, the petition is barred by the governing statute of limitations.

## DISCUSSION

### Successive

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides as follows, in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless-
>
> > (A) the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1).

There is no allegation or showing that petitioner has sought or received authorization from the court of appeals to proceed in this Court as to any new claims he is raising. Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this court on any new claims.

### Time-Barred

If not successive, the pending petition is time-barred. Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner's one-year limitation period began on September 9, 1982, the last day petitioner could have filed a petition for a writ of *certiorari* with the Supreme Court. *See* SUP. CT. R. 13.1. Petitioner, however, is entitled to a reasonable notice of the one year limitations period because the AEDPA was not enacted until April 24, 1996. United States v. Flores, 135 F.3d 1000, 1004 (5th Cir. 1998) (§ 2255 petition). The Fifth Circuit has determine that one year, commencing on April 24, 1996, is a reasonable period. Id. at 1006. A petitioner challenging a state conviction that was final before AEDPA's enactment is entitled to

the same notice period. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999) (citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 201-02 (5th Cir. 1998)). Therefore, petitioner had until April 24, 1997, to file his federal habeas petition unless he had a state application for a writ of habeas corpus pending. If petitioner had a properly filed state application during the grace period, the pending application would toll the grace period. <u>Fields v. Johnson</u>, 159 F.3d 914, 915-16 (5th Cir. 1998).

Petitioner's conviction was final and the period began running on April 24, 1996. See <u>Flanagan</u>, 154 F.3d at 199 n.1. Petitioner's first state habeas application was denied on May 9, 1983, and subsequent applications were dismissed as an abuse of the writ on June 9, 1986, and November 5, 2003. (Information retrieved by telephone from the Clerk of the Texas Court of Criminal Appeals). The November 2003 application, filed years after limitations expired does not toll the limitations period. Therefore, the pending petition is time-barred.

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. See 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is

proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. See <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is dismissed.

## CERTIFICATE OF APPEALABILITY

The Court further finds that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. See <u>Beazley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001); <u>Hernandez v. Johnson</u>, 213 F.3d 243, 248 (5th Cir. 2000). For this reason, the Court finds that a certificate of appealability should not issue in this case.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's application to proceed as a pauper (Docket Entry No.2) is GRANTED.

2. A certificate of appealability is DENIED.

3. This habeas action is DISMISSED WITHOUT PREJUDICE.

SIGNED at Houston, Texas, on _January 5_, 2006.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE